No. 22-51015

In the United States Court of Appeals
For the Fifth Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT MARQUEZ, JR.

Defendant-Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

_____

MERITS BRIEF OF DEFENDANT-APPELLANT

_____

Matthew Rex DeKoatz
Attorney for Defendant-Appellant
521 Texas Avenue
El Paso, Texas 79901
Tel.: (915) 235-5330

mateodekoatz@yahoo.com

CERTIFICATE OF INTERESTED PERSONS

United States v. Robert Marquez, Jr.
No. 22-51015

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. Jaime Esparza, U.S. Attorney, and Richard Watts and Victoria Crosby Assistant U.S. Attorneys, who represented Plaintiff-Appellee in the District Court;

2. Joseph H. Gay, Jr., Assistant U.S. Attorney, attorney for Plaintiff-Appellee in this Court.

3. Matthew Rex DeKoatz, attorney for Defendant-Appellant on appeal; Leonard Morales and Richard Jewkes, attorneys for Defendant-Appellant at trial court level.

4. Honorable David Briones, United States District Judge for the Western District of Texas, El Paso Division, who presided over the guilty plea and sentencing hearing.

This certificate is made so that the justices of this Court may evaluate possible disqualification or recusal.

  /S/ Matthew Rex DeKoatz
MATTHEW REX DEKOATZ
Attorney for Defendant-Appellant

STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this case.


## TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ........................................ iii

TABLE OF AUTHORITIES ................................................................................v

SUBJECT MATTER AND APPELLATE JURISDICTION ...............................1

ISSUE PRESENTED FOR REVIEW ..................................................................1

    SOLE ISSUE: Whether the sentence imposed by the district court was greater than necessary to fulfill the sentencing objectives of 18 U.S.C §3553(a) and, therefore, unreasonable?...…………………1

STATEMENT OF THE CASE

    1.   Nature of the Case. .................................................................................2

    2.   Course of Proceedings and Disposition in the Court Below. .................4

    3.   Statement of Facts. ..................................................................................5

SUMMARY OF THE ARGUMENT ...................................................................7

ARGUMENT AND AUTHORITIES……………………………………..…7

    Standard of Review ..................................................................................... 8

    The 57-Month Sentence Was Unreasonable ............................................... 8

CONCLUSION ..................................................................................................12

CERTIFICATE OF SERVICE ...........................................................................13

CERTIFICATE OF COMPLIANCE .................................................................14

## TABLE OF AUTHORITIES

Page

Cases

Gall v. United States, 552 U.S. 38, 51 (2007) ................................................ 8, 9

Kimbrough v. United States, 552 U.S. 85, 101 (2007) ......................................... 7

United States v. Booker, 543 U.S. 220, 258-260 (2005) ....................................... 7

United States v. Campos-Maldonado, 531 F.3d 337. 339 (5th Cir. 2008) ........... 9

United States v. Peltier, 505 F.3d 389 (5th Cir. 2007). ........................................ 8

Statutes

18 U.S.C. § 2 ................................................................................................... 2, 4

18 U.S.C. § 3231 ................................................................................................. 1

18 U.S.C. § 3553(a) .................................................................................. 1, passim

18 U.S.C. § 3553(a)(1)(2) ................................................................................... 9

18 U.S.C. § 3742 ................................................................................................. 1

21 U.S.C. § 841(a)(1) ...................................................................................... 2, 8

21 U.S.C. § 846 .................................................................................................. 2

21 U.S.C. §§ 952(a) ......................................................................................... 2, 4

21 U.S.C. § 960(a)(1) ...................................................................................... 2, 4

21 U.S.C. § 960(b)(1)(B)(ii) ........................................................................... 2, 4

28 U.S.C. § 1291 ................................................................................................. 1

Rules and Guidelines

Federal Rule of Appellate Procedure 4(b) ......................................................... 1

## SUBJECT MATTER AND APPELLATE JURISDICTION

1. Subject Matter Jurisdiction in the District Court. This case arose from the prosecution of alleged offenses against the laws of the United States. The district court exercised jurisdiction under 18 U.S.C. § 3231.

2. Jurisdiction in the Court of Appeals. This is a direct appeal from a final decision of the United States District Court for the Western District of Texas, entering judgment of conviction and sentence in a criminal case. This Court has jurisdiction of this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Under Federal Rule of Appellate Procedure 4(b), a criminal defendant shall file notice of appeal in the district court within 14 days after the entry of either the judgment or the order being appealed. In this case, the original written judgment was entered on November 3, 2022. ROA 61 to 67. Appellant Marquez filed his Notice of Appeal on November 10, 2022. ROA 69. Undersigned Counsel was appointed to pursue this appeal on November 21, 2022. ROA 79.

**ISSUE PRESENTED FOR REVIEW**

(1) Whether the sentence imposed by the district court was greater than necessary to fulfill the sentencing objectives of 18 U.S.C §3553(a) and, therefore, unreasonable.

## STATEMENT OF THE CASE

**1. Nature of the Case.**

Defendant-Appellant Robert Marquez Jr. was charged in a twelve-count indictment with a number of drug-related offenses. ROA 23-29. Ultimately, Appellant pleaded guilty to only Count 2:

COUNT TWO
(21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(l)(B)(ii) & 18 U.S.C. § 2)

That on or about April 21, 2021, in the Western District of Texas, Defendant, ROBERT MARQUEZ JR., did knowingly and intentionally import into the United States from Mexico a controlled substance, and aided and abetted the same, which offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)( 1), and 960(b)(l )(B)(ii) and Title 18, United States Code, Section 2.

ROA. 24, 106.

The indictment in this case was filed in the Western District of Texas, El Paso Division, on November 17, 2021. ROA. 24. The indictment charged him with importing a Schedule I Controlled substance, cocaine, involving 5 kilograms or more, with aiding and abetting the same in violation of 21 U.S.C. §§ 952(a),

960(a)(1), 960(b)(l)(B)(ii) & 18 U.S.C. § 2. ROA. 24. The Defendant-Appellant pleaded guilty on August 16, 2022, before the Hon. David Briones. ROA. 106. This resulted in a base offense level of 34. Appellant received a 3-level reduction for mitigating roll. Appellant qualified under the First Step Act. The trial court placed Appellant in a criminal history category of II. Based upon these calculations, and based upon the applicable guideline range, the trial court placed Appellant at a level 24, CAT II, with a range of punishment of 57 to 71 months of custody in the Bureau of Prisons. ROA. 117 to 118.

On November 2, 2022, Appellant appeared before the Honorable David Briones, and received a sentence of 57 months. ROA. 118 to 121. Pursuant to the plea agreement, the Government dismissed all of the remaining counts, Count 1 and Counts 3 through 11. ROA 123. Appellant argues herein that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals contemplated by 18 U.S.C.§3553(a).

**2. Course of Proceedings and Disposition in the Court Below**

Robert Marquez Jr. was charged in a twelve-count indictment, filed in the Western District of Texas, El Paso Division, on November 17, 2021. ROA. 24. Count two of the indictment charged him with importing a Schedule I Controlled substance, cocaine, involving 5 kilograms or more, and charged him with aiding and abetting the same in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(l)(B)(ii) & 18 U.S.C. § 2. ROA. 24. Appellant pleaded guilty to only Count two of the indictment and on August 16, 2022. ROA. 106.

Appellant was scored at a criminal history category II based upon his prior conviction for deceptive trade practices and for committing the instant crime while he was under a criminal justice sentence. ROA. 148, 151. Appellant was scored at a base level of 34. He received a three-level reduction for mitigating roll, resulting in a total offense level of 31. He received a three-level reduction for acceptance of responsibility. He received additional reductions for safety valve and for his qualifying for reduction under the First Step Act. This brought his total offense level to 24. Appellant had a criminal history score of 3, hence, his criminal history category was "II." ROA 117 to 118. The applicable guideline range was 57 to 71 months. ROA. 118 to 120. At sentencing, Marquez' attorney asked for a sentence at the bottom of the applicable guideline

range. ROA. 120. The District Court sentenced Marquez to 57 months. ROA. 121. Marquez appealed. ROA. 71.

### 3. Statement of Facts

The Government recited the following as the factual basis in support of Appellant's plea of guilty:

> MR. WATTS: Yes, sir. Your Honor, if this matter were to proceed to trial, the Prosecution would offer the following evidence.
> On April 21st, 2021, a person with the initials O.A.C. entered the United States from Mexico at the Ysleta Port of Entry here in El Paso, Texas, driving a 2005 Ford F-150 pickup truck.
> During the inspection, the CBP officer noticed that O.A.C., the driver of the vehicle, customarily crossed into the United States with Defendant Roberto Marquez, Jr., and he asked him where was Roberto Marquez, Jr., on that day, and the driver said, Well, he was in the truck, but he had gotten out of the truck in the middle of the bridge and walked down.
> CBP conducted a more thorough inspection of the vehicle and found several types of drugs, notably 22.62 kilograms of cocaine hidden in the doors and the walls of the cab of the pickup truck.
> In a post-arrest statement, O.A.C. admitted he knew there was something illegal in the truck. O.A.C. said that Marquez told him the border inspectors were looking at him closely each time he crossed, so he needed to walk across separately.
> Defendant Roberto Marquez, Jr., now admits to knowingly importing a controlled substance into the USA from Mexico on April 21st, 2021, within the Western District of

>   Texas.
>   THE COURT: Mr. Jewkes, any corrections to the factual
>   basis on Mr. Marquez?
>   MR. JEWKES: No, Your Honor.
>   THE COURT: Mr. Marquez, having heard Mr. Watts recite
>   the facts of your case, is everything correct as he has stated?
>   THE DEFENDANT: Yes, Your Honor.

ROA. 107 to 108.

With a total offense level of 24, and a criminal history category of II, the applicable guideline range was 57 to 71 months. ROA. 118 to 120. At sentencing, Marquez' attorney requested a sentence at the bottom of the applicable guideline range. He argued that a 57-month sentence was appropriate. ROA. 120. The District Court stated the following:

>   THE COURT: The Base Offense Level ordinarily would be
>   34, but since Mr. Marquez gets a mitigating role, it goes down
>   to a 31 based on 22,362 kilograms converted, Fentanyl, heroin
>   and cocaine. The whole thing converted. He gets 2 off from
>   the 31 for minor role, and 3 off for acceptance. Makes him a
>   26 with a Criminal History Category II based on three points.
>   Ordinarily, it would be 70 to 87 months. Actually, it
>   would be 120 mandatory minimum; however, he does comply with
>   the FIRST STEP Act, so I'm going to give him that opportunity.
>   I'll give him Safety Valve -- well, I'll give him two off to
>   comply with the FIRST STEP Act instead of the Safety Valve, but
>   then he qualifies for a sentence below the mandatory minimum.
>   He would be a 24 with a II. Advisory Guideline Range
>   57 to 71 months. That's a lot better than 120.
>   MR. JEWKES: Yes, sir.

ROA. 117-118.

The District Court sentenced Marquez to 57 months.  ROA. 121.

## SUMMARY OF THE ARGUMENT

The District Court sentenced Marquez to 57-months of imprisonment.  ROA. 121.  It is Appellant's position that the sentence was greater than necessary to achieve the sentencing goals enumerated in 18 U.S.C. §3553(a), and, hence, was unreasonable. Appellant, therefore, respectfully requests that the sentence be vacated and remanded for new sentencing.

## ARGUMENT AND AUTHORITIES

## MARQUEZ' SENTENCE IS UNREASONNABLE.

A District Court is obliged to impose a sentence, "sufficient, but not greater than necessary," to achieve the goals contemplated in 18 U.S.C. §3553(a). Kimbrough v. United States, 552 U.S. 85, 101 (2007).  In doing so, the court must consider the advisory guideline range called for by the U.S. Sentencing Guidelines, as well as the other factors listed in the statute, and the specific facts raised by the prosecutor and the defendant. *See* United States v. Booker, 543 U.S. 220, 258-260 (2005). In the case-at-bar, the District Court sentenced Marquez to 57 months

of imprisonment. ROA. 121. Even though the District Court imposed a "within-the-guidelines sentence, the sentence was nonetheless greater than necessary to achieve the goals enumerated in §3553. Therefore, the sentence should be vacated and remanded for new sentencing.

**A. Standard of Review.**

The appellate court is to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 49-50 (2007). Marquez did not object to the sentence. Therefore, review is limited to the application of the plain-error standard. *Cf* United States v. Peltier, 505 F.3d 389 (5th Cir. 2007).

**B. The 57-Month Sentence Was Unreasonable**

The District Court is required to "impose a sentence sufficient, but not greater than necessary to comply with purposes set forth in paragraph (2) ... " 18 U.S.C. §3553(a).

"The court, in determining the particular sentence to be imposed, shall consider-

(l) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and

—8—

to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

... " 18 U.S.C. §3553(a)(1)(2)

In fashioning a sentence to meet these goals, the courts are directed to consider a broad range of factors, including the nature and circumstances of the offense, as well as the history and characteristics of the defendant. *See* 18 U.S.C. §3553(a)(l) -(7). A sentence is presumed reasonable if it falls within the advisory guidelines range. United States v. Campos-Maldonado, 531 F.3d 337. 339 (5th Cir. 2008). At 57 months, the sentence was harsh considering Appellant's minimal role and considering other factors raised by Appellant. Appellant's counsel effectively and with alacrity argued:

> MR. JEWKES: Well, first of all, Your Honor, I was handed this morning 26 certificates of completion from the jail, which I would certainly make available to the Court if the Court chooses to examine them, but I just want to let you know we have them here.
>
> Your Honor, may it please the Court, the probation office has provided the Court with correspondence and
> photographs from Mr. Marquez's wife and two children

demonstrating his devotion to his family.
And, we have had some conversations with his wife, and
the family is asking for a sentence that will allow Mr. Marquez
to rebuild his life and reunite with the family unit.
In Paragraph 51 of the Presentence Report, the
probation officer noted that Mr. Marquez has made daily use of
marijuana since he was 18, and he has a self-admitted
dependency on alcohol; therefore, we would request a
recommendation from the Court to the Bureau of Prisons that he
be considered for the residential drug abuse program.
Your Honor, Paragraphs 5 through 7 of the Presentence
Report, the officer, that being the probation officer, made the
findings that on April the 21st, 2021, a drug-related pickup
attempted to make entry into the United States via the Ysleta
Port of Entry, and it was being driven by an unindicted
co-conspirator in this case.
The investigation revealed that Mr. Marquez was
observed exiting from the passenger side of the pickup in the
middle of the bridge presumably on the American side. And,
then he successfully -- or perhaps it was on the Mexican side,
but anyway, he successfully entered the United States. He was
not arrested at that time. Of course, shortly thereafter, the
driver was arrested, and a number of narcotics were seized.

I considered the potential defense in this case, and I
spent some time mulling over Fifth Circuit pattern jury
instruction 2.18, which deals with withdrawal from conspiracy
under the belief that Mr. Marquez withdrew from the conspiracy
when he stepped out of the pickup in the middle of the bridge
prior to the drugs being discovered and seized.
The problem is, the reality of the application of
instruction 2.18 is that it requires the Defendant to make a
substantial showing that he took some affirmative action to
terminate or abandon his participation in the conspiracy. In
other words, he would have to prove that he voluntarily went to
law enforcement and told them about the plan or that he told
other co-conspirators that he was withdrawing.
Merely doing nothing or just avoiding contact with
other members of the conspiracy will not satisfy the test for

> that, and that's the case here. He did not do that.
> So, we were prohibited from using that instruction as
> a defense, but I do believe that it could be considered as
> mitigation to punishment as it demonstrates Mr. Marquez's
> mental state at the time of the commission of the offense, and
> that he was trying to back out of the conspiracy.
> The Court has already covered Safety Valve,
> Your Honor.
> Your Honor, we would ask the Court to consider a
> sentence of 57 months in this case. Thank you.

ROA. 118 to 120.

For the reasons stated by defense counsel for punishment mitigation, Appellant respectfully argues that 57-months, "within-the guidelines" sentence was unreasonable because it was greater than necessary to meet the aspirations of §3553(a). Marquez' sentence should be vacated.

## CONCLUSION

For the foregoing reasons, the Defendant-Appellant, Robert Marquez Jr. moves that this Honorable Court reverse and remand the instant case for a new sentencing hearing.

Respectfully submitted,

 /S/Matthew "Mateo" DeKoatz
Matthew Rex DeKoatz
Attorney for Defendant-Appellant
State bar No. 05722300
521 Texas Ave.
El Paso, Texas 79901
(915) 235-5330
mateodekoatz@yahoo.com

CERTIFICATE OF SERVICE

I, Matthew Rex DeKoatz certify that on January 28, 2023, Joseph H. Gay, Jr., Assistant United States Attorney, was served with a copy of this Brief through the CM/ECF system.

<div style="text-align: right;">

/S/Matthew Rex DeKoatz
Matthew Rex DeKoatz
Attorney for Defendant-Appellant

</div>

CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2.7(c), counsel certifies that this brief complies with the type-volume limitations of 5th Cir. R. 32.2.7(b).

1. Exclusive of the portions exempted by 5th Cir. R. 32.2.7(b)(3), this brief contains 2,426 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes produced by Microsoft Word software; no footnotes.

3. Upon request, counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4. Counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/S/Matthew Rex DeKoatz
Matthew Rex DeKoatz
Attorney for Defendant-Appellant