No. 22-51015

# In the
# United States Court of Appeals
# For the Fifth Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT MARQUEZ, JR,

Defendant-Appellant.

On Appeal from the United States District Court
for the Western District of Texas

—————————————

Appellee's Brief for the United States of America

—————————————

JAIME ESPARZA
United States Attorney

Margaret M. Embry
Assistant United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7090 / (210) 384-7031

Attorneys for Appellee

## Recommendation on Oral Argument

The United States of America agrees with Appellant that oral argument would not significantly aid the decisional process in this case. The issue raised on appeal—whether the sentence imposed was reasonable---can be determined upon the briefs that adequately present the record and legal arguments relevant to this appeal.  See Fed. R. App. P. 34(a)(2)(C).

# Table of Contents

**Pages**

Recommendation on Oral Argument .........................................................ii

Table of Authorities...............................................................................iv

Jurisdiction............................................................................................ 1

Statement of the Issue ........................................................................... 1

Statement of the Case ............................................................................ 1

    A. Course of Proceedings and Disposition in the Court Below............ 1

    B. Statement of the Facts ................................................................... 2

        1. Facts Underlying the Offense.................................................... 2

        2. Presentence Report.................................................................. 4

        3. Sentencing Facts...................................................................... 4

Summary of the Argument ..................................................................... 5

Arguments and Authorities .................................................................... 6

    I.    Appellant's Waiver of Appeal Bars Consideration of his
        Sentencing Complaint............................................................... 6

        A. Plea Agreement ...................................................................... 6
        B. Knowing and Voluntary Waiver ............................................. 7

    II.    The Sentence Imposed Was Reasonable and Not Greater
        than Necessary to Meet the Sentencing Goals of 18 U.S.C.
        § 3553(a)................................................................................. 9

        A. Standard of Review ................................................................ 9
        B. Presumption of Reasonableness ............................................ 10
        C. Argument............................................................................... 11

Conclusion ........................................................................................... 12

Certificate of Service ........................................................................ 12

Certificate of Compliance ................................................................. 13

# Table of Authorities

## CASES

*Gall v. United States*,
  552 U.S. 38 (2007) ........................................................................9
*United States v. Avila-Jaimes*,
  681 Fed.App'x. 373 (5th Cir. 2017) ........................................9
*United States v. Bond*,
  414 F.3d 542 (5th Cir. 2005).....................................................8
*United States v. Campos-Maldonado*,
  531 F.3d 337 (5th Cir. 2008)..................................................10
*United States v. Davis*,
  523 Fed.App'x 283 (5th Cir. 2013).........................................7
*United States v. Keele*,
  755 F.3d 752 (5th Cir. 2014)....................................................9
*United States v. McKinney*,
  406 F.3d 744 (5th Cir. 2005)....................................................7
*United States v. Olano*,
  507 U.S. 725 (1993)................................................................10
*United States v. Pizzolato*,
  655 F.3d 403 (5th Cir. 2011)....................................................7
*United States v. Renchie*,
  845 Fed.App'x 371 (5th Cir. 2021)..........................................7
*United States v. Simpson*,
  796 F.3d 548 (5th Cir. 2015)..................................................10
*United States v. Warren*,
  720 F.3d 321 (5th Cir. 2013)..................................................11

## STATUTES

18 U.S.C. § 2 .................................................................................1
18 U.S.C. § 3553 .......................................................................9, 11
18 U.S.C. § 3742 ........................................................................1, 6
21 U.S.C. § 952 .............................................................................1
21 U.S. C. § 960 ...........................................................................1

28 U.S.C. § 1291 ................................................................... 1, 6

28 U.S.C. § 2241 ..................................................................... 7

28 U.S.C. § 2255 ..................................................................... 7

## FEDERAL RULES

Fed. R. App. P. 32 ................................................................. 13

Fed. R. App. P. 34 ...................................................................ii

Fed. R. Crim. P. 11 ................................................................. 8

## Jurisdiction

This is an appeal from a final judgment of the district court in a criminal case. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## Statement of the Issue

1. Whether Appellant's appeal is barred by his agreement to waive appeal of his conviction and sentence.

2. Whether the bottom-of-the-guidelines sentence imposed was reasonable.

## Statement of the Case

### A. Course of Proceedings and Disposition in the Court Below.

Appellant Marquez was charged by indictment filed in the Western District of Texas, El Paso Division, with twelve counts of drug-related offenses. ROA.23-29. He entered a plea bargain agreement in which he waived his right to appeal his conviction and sentence. ROA.125-133, 129-30. Appellant pleaded guilty to count two, which charged him with aiding and abetting the importation of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B)(ii), and 18 U.S.C. § 2. ROA.23-29, 144. On November 2, 2022, the district court

sentenced Appellant to 57 months of imprisonment, three years of supervised release, and a $100 special assessment. ROA.61-67. Appellant filed a timely notice of appeal, and this appeal followed. ROA.75.

## B. Statement of Facts.

### 1. <u>Facts Underlying the Offense</u>.

According to the PSR, on April 21, 2021, a 2005 Ford F-150 pickup truck, bearing Mexican license plates, attempted to enter the United States through the Yseleta Port of Entry (POE) in El Paso, Texas. ROA.144. The driver of the vehicle was identified as a coconspirator in Appellant's offenses. During a subsequent inspection of the vehicle, Customs and Border Protection (CBP) officers found 6.44 kilograms of fentanyl (net weight), 2.19 kilograms of heroin (net weight), and 20.36 kilograms of cocaine concealed inside the rear passenger door and in a non-factory compartment placed inside the wall of the truck cab. ROA.144.

Based on information gleaned from the drug seizure, Homeland Security (HSI) began an investigation into drug trafficking activities of certain individuals in the El Paso-Juarez area. ROA.144. The investigation revealed that an individual was observed exiting in the

middle of the Ysleta POE bridge from the F-150 passenger seat. ROA.144. That person was identified as Appellant Roberto Marquez, Jr. ROA.144-45. Appellant then was observed walking into the United States through the pedestrian walkway. ROA.145. Agents subsequently entered a computer-generated alert for Marquez. ROA.145.

On July 10, 2021, Appellant attempted to make entry through the Paso del Norte POE, in El Paso, Texas. Agents questioned Appellant but released him. ROA.145.

On November 2, 2021, Appellant was discovered attempting to enter the United States through the Paso Del Norte POE. He was placed into custody. Further investigation revealed Appellant was renting the truck used to transport the drugs from an unidentified person in Ciudad Juarez. ROA.145. Appellant was offered a job by an unidentified person to smuggle narcotics into the United States, but he was unaware of the types of illicit substances he was transporting and agreed to transport the drugs across the border because he needed the $1000 payment. ROA.145.

**2. Presentence Report** The probation officer calculated that Appellant was accountable for the 20.36 kilograms of cocaine, 6.44 kilograms of

fentanyl, and 2.19 kilograms of heroin. ROA.145. The probation officer determined that Appellant's role was as a minor participant, under USSG § 3B1.2(b). Further, the probation officer determined the base offense level was 31; Appellant, as a minor participant, received a two-level deduction and a three-level deduction for acceptance of responsibility. ROA.147. The resulting total offense level was 26, and, with his criminal history category of II, Appellant's guideline imprisonment range was 70 to 87 months. ROA.152,158. However, because the statutorily required minimum sentence of ten years was greater than the maximum applicable guideline range, the guideline term of imprisonment was 120 months. ROA.158.

**3. <u>Sentencing Facts</u>.**

At sentencing, the district court determined Appellant's offense level would be a 120 mandatory minimum, but it found "he does comply with the First Step Act, so I am going to give him that opportunity. . . I'll give him two off to comply with the First Step Act instead of the Safety Valve, but then he qualifies for a sentence below the mandatory minimum. He would be a 24 with a II. Advisory Guideline Range 57 to 71 months. That's a lot better than 120." ROA.118. Appellant's counsel

agreed, and he concurred with the court's calculations. ROA.118. As the court noted, with a criminal history category II, Appellant's resulting imprisonment range was 57 to 71 months of imprisonment. ROA.118. Appellant's counsel asked the court "to consider a sentence of 57 months in this case." ROA.120. As Appellant's counsel requested, the court sentenced Appellant at the bottom of the applicable guideline range to 57 months of imprisonment, three years of supervised release and a $100 special assessment. ROA.121.

## Summary of the Argument

1. Appellant waived his right to appeal. His appeal is barred by his knowing and voluntary waiver of appeal. The waiver should be enforced, and his appeal should be dismissed.

2. The sentence imposed was reasonable, and Appellant has failed to rebut the presumption of reasonableness that applies to a sentence within the guideline range.

## Arguments and Authorities

## I.    APPELLANT'S WAIVER OF APPEAL BARS CONSIDERATION OF HIS SENTENCING COMPLAINT.

### A. <u>Plea Agreement</u>.

Although Appellant does not address his waiver of appeal, the government notes that as part of his plea agreement, Appellant agreed to waive his right to appeal his conviction and sentence. (ROA.152). The plea agreement provided:

> In exchange for the concessions made by the United States in this agreement, Defendant voluntarily and knowingly waives the right to appeal the conviction or sentence on any ground, including any challenge to the constitutionality of the statute of conviction; any claim that Defendant's conduct did not fall within the scope of the statute of conviction;; any challenges to the determination of any period of confinement, monetary penalty or obligation, restitution order or amount, term of supervision and conditions; and any other claim based on rights conferred by 18 U.S.C. § 3742 or 28 U.S.C. § 1291.
>
> Defendant knowing that the sentence has not yet been determined by the Court, waives the right to challenge the sentence imposed, including restitution. Defendant cannot challenge the sentence imposed by the District Court even if it differs substantially from any sentencing range estimated by Defendant's attorney, the attorney for the Government, or the Probation Officer.
>
> Defendant also voluntarily and knowingly waives any right to contest the conviction or sentence (or the manner in which the sentence was determined) in  any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or any other provision of law. Consistent with  principles  of  professional  responsibility  imposed  on

Defendant's counsel and counsel for the Government, nothing in this agreement precludes Defendant from raising a claim of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension in an appropriate forum.

ROA.129-30.

## B. <u>Knowing and Voluntary Waiver.</u>

The established law of this Circuit provides that a defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006); *United States v. Renchie*, 845 Fed.App'x 371 (5th Cir. 2021). The validity of an appeal waiver is reviewed *de novo*. *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011). This Court considers whether a non-appeal waiver is barred by inquiring whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances in the appeal at issue. *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005); *United States v. Davis*, 523 Fed.App'x 283, 285-86 (5th Cir. 2013).

Appellant does not contest the knowing and voluntary nature of his waiver of appeal. Indeed, the record shows he knowingly and voluntarily waived his right to appeal his sentence, and the court fully complied with Rule 11. ROA.88-115. In his plea agreement and again during the Rule

7

11 colloquy, Appellant clearly was advised of the maximum statutory punishment for the offense. ROA.96-97, 99.    At his plea and rearraignment, the district court admonished Appellant regarding his rights and his waiver of appeal. ROA.100, 104. Appellant stated that he understood the rights he was waiving ROA.93-95; that he had not been coerced to enter a plea ROA.97; that he understood the terms of his plea agreement, including his waiver of appeal ROA.99-104; that he understood the court could impose a sentence within or outside of the advisory sentencing guidelines ROA.99-104; that his plea was made freely and voluntarily, that he understood his right to remain silent, and his right  to a jury trial. ROA.93-94.  He also stated he agreed with the factual basis. ROA.107-108.

Appellant's waiver of appeal covered "the right to appeal the conviction or sentence on any ground;" accordingly, his waiver encompassed the issue he raises now on appeal, and the Government seeks to enforce the appeal waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)(Defendant's knowing and voluntary waiver of appeal barred appeal of term of imprisonment); *United States v. Keele*, 755 F.3d 752, 754-55 (5th Cir. 2014)(knowing and voluntary waiver of

appeal was valid); *United States v. Avila-Jaimes*, 681 Fed.App'x. 373 (5th Cir. 2017) (appeal waiver barred appeal of enhancement for leadership role). Consequently, this Court should decline review of the challenged sentencing issue and affirm Appellant's conviction and sentence.

## II. THE SENTENCE IMPOSED WAS REASONABLE AND NOT GREATER THAN NECESSARY TO MEET THE SENTENCING GOALS OF 18 U.S.C. § 3553(a).

Should the Court determine that the waiver is inapplicable or unenforceable, Appellant's arguments claiming an unreasonable sentence are without merit. He has failed to show plain error in the imposition of his sentence. The court correctly calculated the guidelines and sentenced Appellant within the applicable guidelines range. His sentence of 57 months, at the bottom of the range, is presumptively reasonable, and Appellant has failed to rebut that presumption.

### A. Standard of Review

This Court generally reviews a sentence for reasonableness under an abuse-of-discretion standard. *See Gall v. United State*s, 552 U.S. 38, 49-50 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Because he did not object to his sentence, Appellant concedes review is for plain error. (Appellant's brief at 8). To show plain error, the

defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even then, this Court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*.

## B. Presumption of Reasonableness

In the instant case, the district court correctly calculated the advisory guideline range, and the court considered Appellant's arguments for mitigation. Appellant's sentence fell within the properly calculated advisory range. In reviewing whether sentences within the calculated guidelines range are reasonable, this Court presumes those sentences are reasonable. *United States v. Simpson*, 796 F.3d 548, 557-58 (5th Cir. 2015). "A discretionary sentence imposed within a properly calculated guideline range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). This presumption can be rebutted by showing that the sentence does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment

in balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

**C.Argument**

Appellant argues the sentence imposed was greater than necessary to meet the sentencing goals of § 3553(a) because his role was minimal and other factors raised at the sentencing, such as his devotion to his family, his family's needs, his need for alcohol counseling, and his unmerited claim that he stepped away from the conspiracy. The district court heard Appellant's arguments, and, after consideration, the court assessed a reasonable punishment at Appellant's requested 57 months of imprisonment, which was at the bottom of the applicable guideline range. Appellant has not rebutted the presumption of reasonableness here. His arguments for a lesser sentence merely amount to a disagreement with the court's assessment.

Further, Appellant has not shown that the district court committed plain error. He has not shown any error, nor has he presented any argument showing that an alleged error affected his substantial rights. Appellant's arguments are without merit, and his sentence should be affirmed.

## Conclusion

For the foregoing reasons, Appellant 's sentence should be affirmed.

Respectfully submitted,

**JAIME ESPARZA**
United States Attorney

By:  ***s/ Margaret M. Embry***
Margaret M. Embry
Assistant United States Attorney

## Certificate of Service

I hereby certify that on the 27th day of February 27, 2023, I filed this document with the Fifth Circuit Court of Appeals using the CM/ECF filing system, which will cause a copy to be delivered to Appellant's counsel, Mr. Matthew Rex DeKoatz.

***s/ Margaret M. Embry***
Margaret M. Embry
Assistant United States Attorney

## Certificate of Compliance

I hereby certify, on February 27, 2023, that

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2070 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 365 Word in 14-point Century Schoolbook.

*s/ Margaret M. Embry*
Margaret M. Embry
Assistant United States Attorney